IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE G. PEREZ-RAMIREZ,                              05-CV-1699-BR

      Plaintiff,                              OPINION AND ORDER

v.

BIMBO BAKERIES USA, INC.;
DAVID VEITH; and ALLAN LINDBERG,

      Defendants.


**THANE W. TIENSON**
Landye Bennett Blumstein, LLP
3500 Wells Fargo Center
1300 S.W. Fifth Avenue
Suite 3500
Portland, OR 97201
(503) 224-4100

      Attorneys for Plaintiff

**EDWARD A. HARNDEN**
Barran Liebman LLP
601 S.W. Second Avenue
Suite 2300
Portland, OR 97204
(503) 228-0500


1 - OPINION AND ORDER

**TODD A. HANCHETT**
Barran Liebman LLP
601 S.W. Second Avenue
Suite 2300
Portland, OR 97204
(503) 228-0500

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (#16).

      On September 11, 2006, the Court heard oral argument on Defendants' Motion at which time Plaintiff withdrew Claims Five, Seven, and Eight of his Complaint. At the conclusion of oral argument, the Court also denied Defendants' Motion for Partial Summary Judgment as to Plaintiff's Claims Two, Three, Four, and Nine of his Complaint and denied Defendants' Motion to Strike. The Court took under advisement Defendants' Motion for Partial Summary Judgment as to Plaintiff's Claim Six for wrongful discharge under Oregon common law.[1]

      For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's Claim Six.

---

[1] Defendants did not move for summary judgment as to Plaintiff's Claim One.

## BACKGROUND

Plaintiff Jose Perez-Ramirez, a Mexican-American, filed a complaint in Washington County Circuit Court on September 9, 2005, against Defendants Bimbo Bakeries USA, Inc.; David Veith; and Allan Lindberg in which Plaintiff alleged Defendants created a racially hostile work environment and ultimately terminated Plaintiff's employment because of his race and/or in retaliation for his complaints about racial discrimination. Defendants removed the case to this Court on November 11, 2005.

On July 10, 2006, Defendants filed a Motion for Partial Summary Judgment as to Plaintiff's Claim Two (retaliation for Plaintiff's complaints of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3); Claim Three (termination on the basis of Plaintiff's ethnicity in violation of Or. Rev. Stat. § 659A.030(1)(b)); Claim Four (retaliation for Plaintiff's complaints of racial discrimination in violation of Or. Rev. Stat. § 659A.030(1)(f)); Claim Five (intentional infliction of emotional distress in violation of state common law); Claim Six (wrongful termination in violation of state common law); Claims Seven and Eight (misrepresentation in violation of state common law); and Claim Nine (discrimination based on national origin in violation of 42 U.S.C. § 1981).

As noted, the only issue that remains before the Court at this time is Defendants' Motion for Partial Summary Judgment as

3 - OPINION AND ORDER

to Plaintiff's Claim Six.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.

## DISCUSSION

**1. Wrongful Discharge Under Oregon Common Law Generally**

When deciding issues of state law, this Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it. *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001). If no decision by the Oregon Supreme Court is available to guide the Court's interpretation of state law, the Court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id.* When the Ninth Circuit has interpreted state law in the absence of Oregon Supreme Court rulings, this Court follows such interpretation. *Western Helicopter Serv., Inc. v. Rogerson Aircraft Corp.*, No. 87-CV-1435-FR, 1989 WL 155693, at *2 (D. Or. Dec. 15, 1989)("[T]his court is bound by the Ninth Circuit's interpretation of Oregon law."); *Oregon v. Spar Inv. Co.*,

4 - OPINION AND ORDER

No. 99-CV-959-MO, 2004 WL 2110704, at *3 (D. Or. Sept. 21, 2004)("[T]his court should not entertain an alternative interpretation of what [an Oregon statute] means once the Ninth Circuit has interpreted the statute.").

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement. *Patton v. J.C.D. Penney Co.*, 301 Or. 117, 120 (1986). The tort of wrongful discharge is a narrow exception to this general rule. *Sheets v. Knight*, 308 Or. 220, 230-31 (1989). Moreover, the tort of wrongful discharge is not available in Oregon if an existing remedy adequately protects the public interest in question. *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998). "The underlying purpose of that tort in this state is not to vindicate individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." *Id.* at 1130. In other words, the tort was never intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question was unacceptable and no other remedy was available. *Id.* Thus, the court in *Draper* concluded a claim for common-law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in

5 - OPINION AND ORDER

question or (2) the legislature has intentionally abrogated the common-law remedies by establishing an exclusive remedy regardless whether the courts perceive that remedy to be adequate.  *Id.* at 1130-31.

When determining whether Plaintiff may proceed on a claim of wrongful discharge under state common law at the same time that he pursues claims of retaliation under Title VII and/or Or. Rev. Stat. § 659A.030(1)(f) based on the same facts, "the question is not whether the remedy [under Title VII and/or Or. Rev. Stat. § 659A.030(1)(f)] is 'the best possible remedy' or 'identical to the tort remedy' but merely whether it is sufficient to 'adequately protect the employment related right.'"  *Id.* at 1134 (quoting *Carlson v. Crater Lake Lumber Co.*, 103 Or. App. 190, 193 (1990)).

**2.    Wrongful-Discharge Claim Under State Common Law v. Claims under Title VII and Or. Rev. Stat. § 659A.030(1)(f)**

In *Holien v. Sears, Roebuck and Co.*, the Oregon Supreme Court held the plaintiff could bring her wrongful-discharge claim under state common law because Title VII and Or. Rev. Stat. § 659.121[2] were not adequate remedies in a sexual-harassment retaliation case.  298 Or. 76, 98 (1984).  In *Holien*, the court found Title VII and its Oregon analogue, Or. Rev. Stat.

---

[2] Or. Rev. Stat. Chapter 659 is the precursor to Or. Rev. Stat. § 659A under which Plaintiff brings his Oregon statutory claims in this case.

6 - OPINION AND ORDER

§ 659.121, provided insufficient remedies "to capture the personal nature of the injury done" to the plaintiff and failed "to appreciate the relevant dimensions of the problem."  *Id.*  The court concluded available remedies of reinstatement, back pay, and injunction could not compensate a plaintiff for "such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care.  Legal as well as equitable remedies are needed to make the plaintiff whole."  *Id.* at 1303-04.

After *Holien*, the Oregon Court of Appeals in *Carlson v. Crater Lake Lumber Co.* held claims by three members of a family who were discharged after a fourth family member resisted sexual harassment did not fall under the wrongful-discharge exception. 103 Or. App. 190, 196 (1990), *modified on other grounds by* 105 Or. App. 314 (1991).  The court, consistent with the analysis in *Holien*, found the remedy for such a discharge was adequate under existing Oregon statutes and the potential injuries inflicted were not "the kind of 'personal injury' that *Holien* described." *Id.*  The Oregon Court of Appeals, therefore, found the trial court did not err when it granted summary judgment to the defendant as to the plaintiffs' wrongful-discharge claims.  *Id.*

The Ninth Circuit relied on *Carlson* in *Thomas v. City of Beaverton*, 379 F.3d 802 (9th Cir. 2004).  In *Thomas*, the plaintiff alleged she was discharged in retaliation for opposing

7 - OPINION AND ORDER

her employer's discriminatory practices based on race in the form of refusal to promote another employee. The plaintiff brought retaliation claims against her employer based on violations of Title VII and Or. Rev. Stat. § 659A.030 in addition to a claim of wrongful discharge under Oregon common law. *Id.* at 807. The district court granted summary judgment to the defendant. The Ninth Circuit reversed the district court's decision in part and held the plaintiff had made out a *prima facie* retaliation claim under Title VII. *Id.* at 811-12. The Ninth Circuit, however, affirmed the district court's grant of summary judgment to the defendant as to the plaintiff's wrongful-discharge claim under state common law.

> Even assuming that the City discharged [the plaintiff] in retaliation for her opposition to retaliation against Perry, [the plaintiff] did not suffer the kind of personal injury that would warrant providing a common law remedy of wrongful discharge in addition to the existing state and federal statutory remedies for retaliation.

*Id.* at 813 (citing *Carlson*, 103 Or. App. at 196).[3] The Ninth Circuit concluded a retaliation claim based on common-law wrongful discharge could not be brought by the plaintiff because

---

[3] The Court notes the Ninth Circuit declined to review the district court's grant of summary judgment as to the plaintiff's claim under Or. Rev. Stat. § 659A.030 because the plaintiff failed to make a specific, distinct argument or to establish the elements of the statutory claim even though, as the court noted, the plaintiff probably had stated a claim under the statute. *Id.* at 812 n.5.

8 - OPINION AND ORDER

the plaintiff's injuries did not require further remedy and the existing state and federal statutory remedies for retaliation were adequate.

Thus, *Thomas* stands for the proposition that a common-law wrongful-discharge claim based on retaliation is not available in Oregon when adequate remedies exist under Title VII or Or. Rev. Stat. § 659A.030(1)(f). Other decisions in this District are consistent with *Thomas*. *See, e.g., Speed v. Adidas Am., Inc.*, No. 04-CV-1430-PK, 2006 WL 897978, at *13 (D. Or. Apr. 6, 2006)(an employee's wrongful-discharge claim was not available because "under *Draper*, an existing remedy exists that adequately protects the public interest; *i.e.*, the remedies provided under the FMLA/OFLA and Title VII."); *Rice v. Comtek Mfg. of Or., Inc.*, 766 F. Supp. 1544, 1546 (D. Or. 1990)(the plaintiff did not have an "action for wrongful discharge at common law" because Or. Rev. Stat. § 659.030(1)(f), the precursor to Or. Rev. Stat. § 659A.030(1)(f), provided the plaintiff with an adequate remedy).

The Court notes a more recent Ninth Circuit case, *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006), has been relied on in some decisions in this District to support the proposition that a common-law wrongful-discharge claim is available in tandem with state and federal retaliation claims. *See, e.g., Williams v. Home Depot*

9 - OPINION AND ORDER

*U.S.A., Inc.*, No. 04-CV-1377-ST, 2006 WL 1005076, at *7 (D. Or. Apr. 13, 2006); *Cox v. Vanport Paving, Inc.*, No. 05-CV-527-HU, 2006 WL 1582302, at *5 (D. Or. June 2, 2006).  *Cornwell*, however, did not alter *Thomas*.  In *Cornwell*, the district court granted summary judgment to the defendants as to the plaintiff's retaliation claims brought under Title VII and Or. Rev. Stat. § 659A.030 on the ground that the plaintiff did not establish a genuine issue of material fact existed "as to whether the true reason for his demotion or termination was race discrimination or that the [defendant's] stated reasons were false."  *Id.* at 1031.  The district court also granted summary judgment as to the plaintiff's common-law wrongful-discharge claim on the ground that the plaintiff did not establish a genuine issue of material fact existed as to whether he "was terminated because he resisted discrimination."  *Id.* at 1035.  The Ninth Circuit affirmed the district court's decision to grant summary judgment to the defendant as to the plaintiff's retaliation and wrongful-discharge claims.  The Ninth Circuit noted a statutory retaliation claim and a common-law wrongful-discharge claim require "a similar showing" of facts.  *Id.* at 1035.  The court, however, did not reach the issue whether a wrongful-discharge claim would have been available to the plaintiff if his wrongful-discharge, state retaliation, and federal retaliation claims had survived summary judgment.  Thus, *Thomas* still controls in the

10 - OPINION AND ORDER

absence of an Oregon Supreme Court decision giving the necessary guidance.

The Court notes in other decisions in this District that did not follow the *Thomas* analysis, other remedies were viewed as inadequate. For example, in some cases the Court found Title VII, 42 U.S.C. § 1981a(a)-(b), was not an adequate remedy because it caps compensatory and punitive damages. In some cases the Court found Or. Rev. Stat. § 659A.030(1)(f) was not an adequate remedy because it limits recovery to economic damages. As the Court in *Draper* concluded, however, "the question [whether a wrongful-discharge claim is available] is not whether the existing remedy is 'the best possible remedy' or 'identical to the tort remedy' but merely whether it is sufficient to 'adequately protect the employment related right.'" *Id.* at 1134 (quoting *Carlson*, 103 Or. App. at 193). Moreover, "[d]istrict courts are, of course, bound to the law of their own circuit." *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987).

Accordingly, this Court, following *Thomas,* concludes Plaintiff's wrongful-discharge claim is not available because Title VII and Or. Rev. Stat. § 659A.030(1)(f) provide adequate remedies.

**3.    Wrongful Discharge v. Or. Rev. Stat. § 659A.030(1)(b)**

Plaintiff also brings a claim for violation of his rights under Or. Rev. Stat. § 659A.030(1)(b) in which he alleges he was

11 - OPINION AND ORDER

terminated based on his ethnicity or national origin.  Or. Rev. Stat. § 659A.030(1)(b) provides, in relevant part, that it is an unlawful employment practice "[f]or an employer, because of an individual's race . . . [or] national origin . . . to discriminate against such an individual in compensation or terms, conditions or privileges of employment."

It is unclear whether Plaintiff also intended to bring a wrongful-discharge claim on this basis.  In any event, the Court notes Plaintiff's allegations do not seem to support such a claim because the narrow Oregon common-law wrongful-discharge exception is applicable to a claim of retaliation based on complaints about discrimination, but not to a claim of wrongful discharge as an act of discrimination based on national origin or ethnicity. *See, e.g., Messer v. Portland Adventist Med. Ct.*, 707 F. Supp. 449, 454 (D. Or. 1989)("[A]lthough plaintiff may be correct that it is offensive to public policy to allow an employer to fire an employee because of her race, national origin or religion," such an act does not satisfy the elements of a common-law wrongful-discharge claim.); *Goodlette v. LTM, Inc.*, 128 Or. App. 62, 64-65 (1994)("In the first case [of discharges that violate the statutory right against discrimination], there is no common-law right of action, but in the second case [discharges resulting from resistance to discrimination] there can be.").  Thus, unless the Oregon Supreme Court holds otherwise in the future, a

12 - OPINION AND ORDER

wrongful-discharge claim arising from discrimination based on ethnicity or national origin is not available under state common law.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment (#16) as to Plaintiff's Claim Six (wrongful termination, in violation of state common law).

IT IS SO ORDERED.

DATED this 5th day of October, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER